# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KAYLYNN HART, Individually and for Others Similarly Situated<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Kaylynn Hart brings this collective action to recover unpaid overtime and other damages from McLaren Health Care Corporation.

2. Hart worked for McLaren as a Radiologic Technologist at McLaren's Macomb facility.

3. Like the Putative Class Members (as defined below), Hart regularly worked more than 40 hours in a week.

4. But McLaren did not pay for all the hours they worked.

5. Instead, McLaren automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6. Hart and the Putative Class Members were thus not paid for that time.

7. But McLaren fails to provide Hart and the Putative Class Members with *bona fide* meal breaks.

8. Instead, McLaren requires Hart and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9. McLaren's auto-deduction policy violates the Fair Labor Standards Act (FLSA) by depriving Hart and the Putative Class Members of overtime pay for all overtime hours worked.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has general personal jurisdiction over McLaren because McLaren is domestic corporation headquartered in Grand Blanc, Michigan.

12. Venue is proper because McLaren maintains its headquarters in Grand Blanc, Michigan. 28 U.S.C. § 1391(b)(1).

## PARTIES

13. Hart worked for McLaren as a Medical Assistant at the Macomb Facility from approximately November 2021 until January 2022.

14. Throughout her employment, McLaren classified Hart as non-exempt and paid her on an hourly basis.

15. But McLaren subjected Hart to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

16. Hart's written consent is attached as **Exhibit 1**.

17. Hart brings this action on behalf of herself and other similarly situated hourly, non-exempt McLaren employees who were subject to McLaren's automatic meal break deduction policy.

18. McLaren uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

19. The collective of similarly situated employees is defined as:

> **All hourly, non-exempt McLaren employees who received an automatic meal period deduction at any time during the past 3 years ("Putative Class Members" or "Putative Class").**

20. McLaren is a Michigan not-for-profit corporation that maintains its headquarters in Grand Blanc, Michigan.

21. McLaren may be served with process by serving its registered agent: **Philip A. Incarnati, One McLaren Parkway, Grand Blanc, Michigan 48439**, or wherever he may be found.

## COVERAGE UNDER THE FLSA

22. At all relevant times, McLaren was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, McLaren, as a hospital network and institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

24. At all relevant times, McLaren was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because McLaren, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

25. McLaren uniformly deducted 30 minutes/shift from Hart and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

26. As a result, McLaren failed to pay Hart and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

27. McLaren's automatic meal break deduction policy, which deprives Hart and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

28. McLaren bills itself as a "full integrated health care delivery system … [that] includes 14 hospitals in Michigan and Ohio[.]"[1]

---

[1] https://www.mclaren.org/ (last visited March 15, 2023).

29. To complete its business objectives, McLaren employs patient care workers, including Hart and the Putative Class Members, to provide patient care services and treat the patients in its various facilities.

30. McLaren classifies these employees and non-exempt from overtime and pays them on an hourly basis.

31. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

32. For example, Hart worked for McLaren as a Medical Assistant at the Macomb Facility from approximately November 2021 until January 2022.

33. As a Radiological Technologist, Hart's primary responsibilities included providing patient care to the patients at McLaren's Macomb facility, such as performing x-ray examinations, monitoring patients, charting treatments and patient histories, and assisting doctors and other patient care staff.

34. Throughout her employment, McLaren classified Hart as non-exempt and paid her on an hourly basis.

35. Throughout her employment, McLaren subjected Hart to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

36. Hart and the Putative Class Members performed their jobs under McLaren's supervision, and using materials, equipment, and technology approved and supplied by McLaren.

37. McLaren requires Hart and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

38. At the end of each pay period, Hart and the Putative Class Members received wages from McLaren that were determined by common systems and methods that McLaren selected and controlled.

39. McLaren requires its hourly, non-exempt employees, including Hart and the Putative Class Members, to record their hours worked using McLaren's timeclock system (Kronos).

40. Further, McLaren subjects its hourly, non-exempt employees, including Hart and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

41. Specifically, McLaren automatically deducts 30 minutes from Hart and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

42. But McLaren fails to provide Hart and the Putative Class Members with *bona fide* meal periods.

43. Instead, McLaren requires Hart and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

44. This unpaid time is compensable under the FLSA because McLaren knew, or should have known, that (1) Hart and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

45. McLaren failed to exercise its duty to ensure Hart and the Putative Class Members were not performing work that McLaren did not want performed during their unpaid "meal breaks."

46. Despite accepting the benefits, McLaren did not pay Hart and the Putative Class Members for the compensable work they performed during their "meal breaks."

47. Thus, under McLaren's uniform automatic meal break deduction policy, Hart and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA.

48. McLaren knows Hart and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because McLaren expects and requires these employees to do so.

49. But McLaren does not pay Hart and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

50. Hart worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

51. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

52. Indeed, McLaren typically schedules Hart and the Putative Class Members to work 8-hour shifts for 5 days a week.

53. And Hart and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and patient care responsibilities.

54. As a result, Hart and the Putative Class Members work in excess of 40 hours in a typical workweek.

55. When Hart and the Putative Class Members worked more than 40 hours in a workweek, McLaren did not pay them 1.5 times their regular hourly rate for all overtime hours worked due to McLaren's failure to include time these employees

worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

56. McLaren knew, or should have known, it was subject to the FLSA, including its overtime provisions.

57. McLaren knew, or should have known, the FLSA requires it to pay employees, including Hart and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

58. McLaren knew, or should have known, Hart and the Putative Class Members worked more than 40 hours in a week.

59. McLaren knew, or should have known, Hart and the Putative Class Members regularly worked during their unpaid meal breaks because McLaren expected and required them to do so.

60. McLaren knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA.

61. McLaren knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Hart and the Putative Class Members of overtime compensation in violation of the FLSA.

62. Nonetheless, McLaren failed to pay Hart and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

63. McLaren's failure to pay overtime compensation to Hart and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## COLLECTIVE ALLEGATIONS

64. Hart brings her claims as a collective action under the FLSA.

65. The Putative Class Members were victimized by McLaren's pattern, practice, and/or policy which is in willful violation of the FLSA.

66. Other Putative Class Members worked with Hart and indicated they were paid in the same manner, performed similar work, and were subject to McLaren's same automatic meal break deduction policy.

67. Based on her experiences with McLaren, Hart is aware McLaren's illegal practices were imposed on the Putative Class Members.

68. The Putative Class Members are similarly situated in all relevant respects.

69. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

70. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

71. Rather, the class is held together by McLaren's uniform automatic meal break deduction policy that systematically deprived Hart and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

72. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

73. The overtime owed to Hart and the Putative Class Members will be calculated using the same records and using the same formula.

74. Hart's experiences are therefore typical of the experiences of the Putative Class Members.

75. Hart has no interests contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

76. Like each Putative Class Member, Hart has an interest in obtaining the unpaid overtime wages owed under federal law.

77. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

78. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and McLaren will reap the unjust benefits of violating the FLSA.

79. Further, even if some of the Putative Class Members could afford individual litigation against McLaren, it would be unduly burdensome to the judicial system.

80. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

81. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

82. Among the common questions of law and fact are:

    a.  Whether McLaren engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA;

    b.  Whether McLaren's automatic meal break deduction policy deprived Hart and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA;

    c.  Whether McLaren failed to pay Hart and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA;

    d.  Whether McLaren knew, or had reason to know, Hart and the Putative Class Members were requested, suffered, permitted, or

allowed to during their unpaid meal breaks in violation of the FLSA; and

e. Whether McLaren's violations of the FLSA were willful.

83. Hart and the Putative Class Members sustained damages arising out of McLaren's illegal and uniform employment policy.

84. Hart knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

85. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to McLaren's records, and there is no detraction from the common nucleus of liability facts.

86. Therefore, the issue of damages does not preclude collective treatment.

87. McLaren is liable under the FLSA for failing to pay overtime to Hart and the Putative Class Members.

88. Consistent with McLaren's illegal automatic meal break deduction policy, Hart and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

89. As part of their regular business practices, McLaren intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Hart and the Putative Class Members.

90. McLaren's illegal automatic meal break deduction policy deprived Hart and the Putative Class Members of the premium overtime wages they are owed under federal law.

91. McLaren is aware, or should have been aware, that the FLSA requires it to pay Hart and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

92. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

93. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

94. Those similarly situated employees are known to McLaren, are readily identifiable, and can be located through McLaren's records.

## CAUSE OF ACTION
## VIOLATIONS OF THE FLSA

95. Hart realleges and incorporates all other paragraphs by reference.

96. Hart brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

97. McLaren violated, and is violating, the FLSA by failing to pay Hart and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

98. Throughout the relevant period, McLaren expected and required Hart and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks and outside of their scheduled shifts.

99. Hart and the Putative Class Members have been harmed as a direct and proximate result of McLaren's unlawful conduct because they have been deprived of wages owed for work that they performed and from which McLaren derived a direct and substantial benefit.

100. McLaren knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Hart and the Putative Class Members overtime compensation.

101. McLaren's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

102. Accordingly, Hart and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

### JURY DEMAND

103. Hart demands a trial by jury.

### RELIEF SOUGHT

WHEREFORE, Hart, individually and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. An Order pursuant to Section 16(b) of the FLSA finding McLaren liable for unpaid back wages due to Hart and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. Judgment awarding Hart and the Putative Class Members all unpaid overtime and other damages available under the FLSA;

d. An Order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Jennifer McManus*
      **Jennifer L. McManus (P65976)**
      Local Counsel for Plaintiff
**FAGAN MCMANUS, PC**
25892 Woodward Avenue
Royal Oak, Michigan 58067-0910
248-542-6300 – Telephone
jmcmanus@faganlawpc.com

**Michael A. Josephson**
TX Bar No. 24014780
**Andrew W. Dunlap**
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjoesphson@mybackwages.com
adunlap@mybackwages.com

**William C. (Clif) Alexander***
TX Bar No. 24064805
**Austin W. Anderson***
TX Bar No. 24045189
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone
361-452-1284 – Facsimile
clif@a2xlaw.com
austin@a2xlaw.com

**Richard J. (Rex) Burch***
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*\*Pro hac vice applications forthcoming*

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**

Dated:  March 15, 2023